Filed 1/13/16  P. v. Anthony CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARK ANTHONY,<br><br>Defendant and Appellant. | C078444<br><br>(Super. Ct. No. 11F05795) |

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)  Proposition 47 created a resentencing provision, codified at Penal Code section 1170.18, which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felonies to misdemeanors.  Defendant Mark Anthony appeals from an order denying his petition to reduce his commitment convictions from felonies to misdemeanors.[1]

---

[1] We have incorporated by reference the appellate record of the commitment offense, *People v. Anthony*, C075675.

1

Defendant's petition was denied upon a determination that he was not eligible for relief because the commitment offenses were for violation of subdivision (b) of Vehicle Code section 23152, having a blood-alcohol content of 0.08 percent or more while driving a vehicle, which is not among the eligible offenses listed in Penal Code section 1170.18.

Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant timely filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 47 remains an open question. Our Supreme Court has not spoken. The *Anders*/*Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right, and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Kisling* (2015) 239 Cal.App.4th 288; *People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

In his supplemental brief, defendant claims that the trial court failed to adequately inquire into whether his commitment offense qualified for relief under Proposition 47, and that Proposition 47 "contemplates" inclusion of Vehicle Code section 23152 as a "non-violent vehicle violation offense."

Proposition 47 "changed portions of the Penal Code and Health and Safety Code to reduce various drug possession and theft-related offenses from felonies (or wobblers) to misdemeanors, unless the offenses were committed by certain ineligible offenders. [Citation.] [Fn. omitted.]" (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222.) The crimes to be so reduced were identified as "Grand Theft," "Shoplifting," "Receiving Stolen Property," "Writing Bad Checks," "Check Forgery," and "Drug Possession." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by the Legis. Analyst, pp. 35-36.) As previously noted, in addition to reclassifying specified offenses, "Proposition 47 . . . created a new resentencing provision: [Penal Code] section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).)" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

". . . Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 890, citing Voter Information Guide, *supra*, text of Prop. 47, §§ 4-14, pp. 70-74.) Vehicle Code section 23152 was not added or amended by Proposition 47 and is not among the offenses expressly listed in Penal Code section 1170.18 as eligible for resentencing from a felony to a misdemeanor. Nor can Vehicle Code section 23152 be deemed eligible as a lesser included of the offenses specified as eligible by Penal Code section 1170.18, as the

3

act of driving a vehicle is an element of the offense of having a blood-alcohol content of 0.08 percent or more while driving a vehicle (*Henslee v. Department of Motor Vehicles* (1985) 168 Cal.App.3d 445, 451; CALJIC No. 2110) but is not an element of any of the drug possession and theft-related offenses listed in Penal Code section 1170.18. (See *People v. Clark* (1990) 50 Cal.3d 583, 636 ["An offense is necessarily included in another if . . . the greater statutory offense cannot be committed without committing the lesser because all of the elements of the lesser offense are included in the elements of the greater . . . ."].) Hence, it cannot be reasonably argued that Proposition 47 "contemplates" including Vehicle Code section 23152, subdivision (b) as an offense subject to reduction from a felony to a misdemeanor.

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order) is affirmed.

          RAYE      , P. J.

We concur:

    NICHOLSON   , J.

    RENNER    , J.

4